**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Vega Castillo, | No. CIV 11-571-TUC-JGZ (LAB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan; et al., | |
| Respondents. | |

Pending before the court is a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on September 8, 2012, by Carlos Vega Castillo, an inmate confined in the Arizona State Prison Complex in Florence, Arizona.  (Doc. 1)  Castillo claims his original term of lifetime probation was not authorized by law and he received ineffective assistance of counsel. *Id*.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bowman for report and recommendation.

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the petition. Castillo's claims were defaulted in state court and are barred from habeas review.

Summary of the Case

Castillo pleaded guilty in Pima County Superior Court to two counts of second-degree molestation of a child pursuant to a plea agreement.  (Doc. 9, p. 2); (Doc. 9-1, pp. 23-26)  On

April 27, 1998, the trial court sentenced Castillo to a 10-year term of imprisonment followed by lifetime probation. (Doc. 9, p. 2) Castillo did not file an "of right" post-conviction relief petition challenging his convictions or sentences. *See* ARIZ.R.CRIM.P. 32.1.

Within a year of his release from prison, Castillo violated his lifetime probation. (Doc. 9, pp. 2-3) The trial court revoked Castillo's probation and sentenced him to a second 10-year term of imprisonment on February 7, 2008. (Doc. 9, p. 3); (Doc. 9-1, p. 39)

On March 7, 2008, Castillo filed a notice of post-conviction relief. (Doc. 9, p. 3) Appointed counsel filed a petition raising ineffective assistance of probation revocation counsel. *Id*.

On January 26, 2009, Castillo filed a motion asking the court to strike counsel's petition because he wanted to proceed pro se. (Doc. 9-4, p. 2) The trial court granted Castillo's motion, struck the petition, and gave him until April 13, 2009 to file his own petition pro se. (Doc. 9-4, p. 5) Three days after the deadline, on April 16, 2009, Castillo filed his pro se petition claiming numerous irregularities in his original conviction and claiming that a significant change in the law required relief. (Doc. 9, p. 3); (Doc. 9-4, p. 7); (Doc. 9-8, p. 12) On September 11, 2009, the trial court held that all Castillo's claims were precluded as untimely except for the claim alleging a significant change in the law. (Doc. 9, p. 3) That latter claim was dismissed on the merits. *Id*. Castillo did not seek review of that ruling. (Doc. 9-8, p. 13)

On February 11, 2010, Castillo filed a second notice of post-conviction relief and a petition claiming his original sentence of lifetime probation was not authorized by law, and he received ineffective assistance of counsel. *Id.*; (Doc. 9-6, pp. 17-18) The trial court found his claims precluded pursuant to ARIZ.R.CRIM.P. 32.2(a) either because they were previously raised in his first post-conviction relief petition or because they should have been raised earlier but were not. (Doc. 9, pp. 3-4); (Doc. 9-8, pp. 8, 13) Castillo filed a petition for review with the Arizona Court of Appeals, which granted review but denied relief. (Doc. 9-8, p. 11) Castillo's petition for review with the Arizona Supreme Court was denied on February 24, 2011. (Doc. 9-9)

On September 8, 2011, Castillo filed the pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He raises the same issues he presented in his second state petition for post-conviction relief: his original term of lifetime probation was not authorized by law, and he received ineffective assistance of counsel. (Doc. 1)

In their answer, the respondents argue the claims are time-barred and procedurally defaulted. (Doc. 9) They argue in the alternative that some of Castillo's claims are not addressable in federal habeas review. *Id.*

Discussion

The writ of habeas corpus affords relief to persons in state custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

Federal review is limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal punctuation removed).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the

federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 126 S.Ct. 348 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and ordinarily should be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.* A claim that is procedurally defaulted must be denied unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). A fundamental miscarriage of justice results "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986).

In this case, the respondents argue Castillo's claims are procedurally defaulted. They are correct. Castillo's claims were raised in his second post-conviction relief petition. The trial court denied those claims as precluded pursuant to ARIZ.R.CRIM.P. 32.2(a) either because they were previously raised in his first post-conviction relief petition or because they should have

been raised earlier but were not. (Doc. 9-8, p. 8) The court of appeals granted review but affirmed the decision of the trial court.

Castillo's issues were raised below and found barred for procedural reasons. They are procedurally defaulted. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002); *see also Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992) (Arizona's rule of preclusion is regularly and consistently applied.), *cert. denied*, 507 U.S. 992 (1993).

In his supplemental reply, Castillo argues his default should be excused because his various counsel were all ineffective citing *Martinez v. Ryan*, 132 S.Ct 1309 (2012). (Doc. 11) Counsel, however, did not cause his default.

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). Castillo cannot do so.

The errors that Castillo claims were made at the time of the original sentencing should have been raised in Castillo's "of right" Rule 32 post-conviction relief proceeding. If his "of right" Rule 32 counsel failed to raise these errors, the resulting default could be blamed on that attorney. *See Martinez v. Ryan*, 132 S.Ct 1309 (2012). Castillo, however, never filed notice of an "of right" Rule 32 proceeding. Accordingly, he never had an "of right" Rule 32 attorney, and now there is no one to shoulder the blame for his default. Castillo cannot show cause to excuse the default of his sentencing claims. *See, e.g., Anderson v. Koster*, 2012 WL 1898781, 9 (W.D.Mo. 2012) ("*Martinez* is inapposite because, here, the petitioner himself is at fault for not filing a pro se Rule 29.15 motion in the first place.").

The errors that Castillo claims were made at his probation revocation should have been raised in Castillo's first Rule 32 proceeding. Castillo argues his Rule 32 counsel is to blame for failing to raise these errors and causing the resulting default. *See Martinez v. Ryan*, 132 S.Ct 1309 (2012). Castillo, however, fired his Rule 32 counsel and filed his own Rule 32 petition. He filed it late and almost all of his claims were denied as untimely. Accordingly, he cannot

show his Rule 32 counsel caused the default. Castillo cannot show cause to excuse the default of his probation revocation claims.

Finally, Castillo cannot demonstrate that "failure to consider the claims will result in a fundamental miscarriage of justice." *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). A fundamental miscarriage of justice results "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986). Castillo does not argue he is actually innocent of his crimes of conviction.

Castillo cannot "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998); s*ee also Thomas v. Lewis*, 945 F.2d 1119, 1123 n. 10 (9th Cir. 1991) (The court need not analyze the prejudice prong if the petitioner does not establish cause for the default.) Accordingly, his claims should be dismissed as procedurally defaulted.

The court expresses no opinion as to the respondents' alternative arguments.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the Petition for Writ of Habeas Corpus. (Doc. 1) Castillo's claims are procedurally defaulted.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 30th day of January, 2013.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge

- 6 -