IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Vega Castillo, ) | No. 11-571-TUC-JGZ (LAB) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Charles L. Ryan, et al., ) | |
| Respondents. ) | |

    Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Leslie A. Bowman. Judge Bowman recommends dismissing Petitioner's habeas petition filed pursuant to 28 U.S.C. §2254. (Doc. 14.) Petitioner has filed an objection to the Report and Recommendation. (Doc. 15.)

    The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

    In his Objection, Petitioner claims that the Magistrate Judge: (1) improperly failed to consider his ex post facto claim which he raised "at every appropriate stage in State Court 'and then some'" (doc 15, p. 3) and (2) incorrectly dismissed his ineffective assistance of counsel claim as procedurally barred. Petitioner asserts that he has exhausted his ex post

1  facto claim by presenting it to the trial court, Court of Appeals, and Supreme Court of
2  Arizona. Petitioner further contends that his counsel was ineffective by recommending that
3  he accept a plea agreement that violated the ex post facto clause of the United States
4  Constitution.

5        Both of Petitioner's claims have been procedurally defaulted in state court, and
6  therefore are barred from review by a federal court. On April 27, 1998, pursuant to a plea
7  agreement, Petitioner was sentenced to ten years of imprisonment followed by a lifetime of
8  probation. (Doc. 9-1, Exh. C.) Within a year of his release from prison, Petitioner violated
9  his probation. (Doc. 9-1, Exh. D.) On February 7, 2008, Petitioner's probation was revoked,
10 and he was sentenced to ten years of imprisonment. (Doc. 9-1, Exh. F.) Since returning to
11 prison, Petitioner has filed two Rule 32 petitions for post-conviction relief in Arizona. In his
12 first petition, Petitioner asserted six claims: (1) he was prejudiced by the introduction of
13 certain materials during trial; (2) he was denied his constitutional right to representation; (3)
14 recent Arizona Court of Appeals' rulings constitute a significant change in the law that, if
15 applied to his case, would have entitled him to relief; (4) he received ineffective assistance
16 of counsel; (5) he did not intelligently, voluntarily, and knowingly enter into the plea
17 agreement; and (6) he was serving an incorrect sentence. (Doc. 9-4, Exh. N.) The state trial
18 court held that Petitioner's claims were precluded as untimely except for the claim alleging
19 a significant change in the law. (*Id*.) The court denied his significant change in the law
20 claim on the merits. (*Id*.) Petitioner did not seek review of the trial court's ruling. (Doc.
21 9-8, Exh. S.)

22       In his second petition, Petitioner asserted that the trial court had imposed an illegal
23 sentence in 1998 because a term of lifetime probation was not statutorily authorized for his
24 two preparatory dangerous crimes against children at the time he committed the offenses in
25 1996. (*Id*.) Petitioner also alleged that his trial counsel had been ineffective. (*Id*.) The trial
26 court held that Petitioner's illegal sentence claim (ex post facto claim) was precluded because
27 he had failed to raise the argument in his first Rule 32 petition. (Doc. 9-8, Exh. R.) The trial
28 court also held that Petitioner's ineffective assistance of counsel claim was precluded

because it had been raised in his previous Rule 32 and dismissed as untimely. (*Id.*) The Arizona Court of Appeals affirmed the trial court's rulings. (Doc. 9-8, Exh. S.)

Because Petitioner's claims were procedurally defaulted in state court, the Magistrate correctly concluded that his claims were barred in federal court. *See Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir. 1998) (Arizona's rule of preclusion is regularly and consistently applied, and therefore bars federal review of a procedurally defaulted state court claim). Further, as found by the Magistrate Judge, Petitioner has neither demonstrated cause for the default nor a fundamental miscarriage of justice if his claims are not reviewed. (Doc. 14 pp. 5-6.) As Petitioner's objections do not undermine the analysis and proper conclusion reached by Magistrate Judge Bowman, Petitioner's objections are rejected.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) The Report and Recommendation (Doc. 14) is accepted and adopted.

(2) Petitioner's §2254 habeas petition is denied and this case is dismissed with prejudice.

(3) The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

DATED this 28th day of June, 2013.

_Jennifer Zipps_
Jennifer G. Zipps
United States District Judge